UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUSTIN LEE WALLER,<br><br>Plaintiff,<br><br>v.<br><br>THOMPSON, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-484-JTM-AZ |

OPINION and ORDER

Austin Lee Waller, a prisoner without a lawyer, filed an amended complaint about force used against him at Westville Correctional Facility. (DE # 5.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Waller alleges that on October 3, 2024, defendant Sergeant Thompson placed Waller in mechanical restraints and began escorting him to urgent care. (DE # 5 at 2.) Waller asked Thompson to loosen the cuffs because they were too tight. Thompson pushed Waller forward and told him, "Shut the fuck up and move." Waller asked again for the cuffs to be loosened, and Thompson yanked up on the cuffs, audibly breaking

Waller's left arm. Thompson then threw Waller onto the ground and Waller yelled to defendant Sergeant Singleton and CNA Hickman that Thompson had just broken his arm. Thompson then punched Waller in the face several times, breaking his nose.

Waller has plausibly stated a claim for excessive force against Thompson. Under the Eighth Amendment, inmates cannot be subjected to excessive force. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Id.* (citation and internal quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Waller's allegations that Thompson yanked on his handcuffs hard enough to break his arm and punched him in the face several times state an Eighth Amendment claim for excessive force.

Waller's amended complaint states that he is also suing Sergeant Singleton and CNA Hickman, though he does not make any claim against them. To the extent Waller attempts to bring a failure to intervene claim against defendants Singleton and Hickman, his amended complaint fails to state a claim.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

Waller has not alleged factual allegations from which it could be reasonably inferred that Singleton or Hickman failed to intervene to protect him. He alleges only that he called out to these defendants after Thompson had thrown him to the ground, and right before Thompson punched him in the face several times. He has not provided any details about where Singleton and Hickman were, what they saw, or any factual allegation from which the court could plausibly infer that these defendants had a realistic opportunity to intervene.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is

entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) GRANTS Austin Lee Waller leave to proceed against Sgt. Thompson in his individual capacity for compensatory and punitive damages for yanking on Waller's handcuffs hard enough to break his arm and punching him in his face several times on October 3, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Singleton and CNA Hickman;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Thompson at the Indiana Department of Correction, with a copy of this order and the amended complaint (DE # 5);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Thompson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: October 27, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT